# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00025-MR-DLH-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JORGE ALBERTO BERNAL. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant Cristian Nevarez Beltran's Motion to Suppress [Doc. 27], as adopted by Defendant Jorge Alberto Bernal; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 72]; and Defendant Bernal's Objections to the Recommendation of the Magistrate Judge [Doc. 77].

## I.  PROCEDURAL BACKGROUND

On April 2, 2013, the Defendants Juan Francisco Alfaro ("Alfaro"), Cristian Nevarez Beltran ("Beltran"), and Jorge Alberto Bernal ("Bernal") were charged in a Bill of Indictment with conspiracy to possess with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 1]. In Count Three of the Indictment, Bernal was charged with possessing a firearm in or affecting commerce

while he was an alien illegally and unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5)(A) and 924.

Beltran filed a Motion to Suppress on May 29, 2013. [Doc. 27]. On June 25, 2013, the Government filed a response to the motion. [Doc. 32]. On August 23, 2013, Bernal filed a motion to adopt Beltran's motion, to which the Government did not object. [Docs. 45, 46]. Bernal's motion to adopt was granted on September 25, 2013. [Doc. 47].

On November 6, 2013, the Magistrate Judge ordered that recordings made of telephone conversations and an oral conversation that Alfaro had with the confidential informant (CI) be translated from Spanish into English and that a written transcript of such recordings in both languages be prepared. [Doc. 59].

The Magistrate Judge conducted a suppression hearing on January 22, 2014. The Magistrate Judge provided defense counsel an opportunity to submit supplemental briefs, but no such briefs were filed. On April 9, 2014, the Magistrate Judge issued a Memorandum and Recommendation recommending that the motions to suppress be denied. [Doc. 72]. Thereafter, Alfaro and Beltran entered pleas of guilty, leaving only Bernal to contest the Magistrate Judge's recommendation. Bernal filed objections to

the Memorandum and Recommendation on April 27, 2014. [Doc. 77]. The Government has not responded to Bernal's objections.

This matter is now ripe for review.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation. Fed. R. Crim. P. 59(b)(1). The Court must consider any objection to the magistrate judge's recommendation <u>de novo</u>. Fed. R. Crim. P. 59(b)(3). Where no specific objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, 1983 advisory committee's note).

## III. FACTUAL BACKGROUND

Bernal makes only one specific objection to the factual background as recited by the Magistrate Judge in the Memorandum and Recommendation. Specifically, Bernal objects to the Magistrate Judge's finding that the CI's recorded telephone conversation with law enforcement revealed that "Mr. Alfaro had to go home to pick up his work truck, but that he would be back to deliver the four ounces of methamphetamine." [Doc. 72 at 5]. Bernal contends that the CI's statement to law enforcement that

Alfaro would return with the methamphetamine was false, and that the falsity of this statement is evident from the recorded conversations between Alfaro and the CI. Bernal continues his argument by contending that the officers knew that the CI's statement was false as they had also heard the conversation between Alfaro and CI, and thus, the officers lacked probable cause to believe that Alfaro or anyone else in the truck was in possession of methamphetamine at the time of the search.

The Court has carefully reviewed the translated transcriptions of the telephone conversations that were introduced into evidence at the suppression hearing, including the conversations between the CI and Alfaro. During one conversation, Alfaro advised the CI that he was going to get his work truck and "put the work in the truck." This conversation was not only recorded but was heard in real time by the investigating officers. Under the circumstances, it was not unreasonable for those officers to conclude that Alfaro's reference to putting "the work" in his truck was a reference to the four ounces of methamphetamine that the CI had arranged to buy. The officers then followed Alfaro to his residence and observed him go inside his house before getting into a vehicle which had a flat bed and work tools, thereby confirming Alfaro's statement that he was going to get

his "work truck" and providing further reasonable suspicion that Alfaro would return to the CI's location with the methamphetamine.

In sum, the transcripts produced at the suppression hearing reveal that the Magistrate Judge's characterization of the recorded phone calls was accurate. Alfaro clearly indicated to the CI during their conversations that he intended to return to the CI's location for the purpose of completing the methamphetamine transaction, and the totality of the circumstances provided reasonable suspicion that Alfaro was in fact returning with the drugs. Bernal's objection to this factual finding is meritless.

Upon careful examination of the entire record in this case, the Court finds that the Magistrate Judge's findings of fact as set forth in pages 3 through 7 of the Memorandum and Recommendation are correct and deserving of adoption by this Court. These findings are therefore adopted as incorporated herein.

### III. DISCUSSION

Bernal makes two primary objections to the Magistrate Judge's legal conclusions. First, he argues that the Magistrate Judge erred in concluding that there was reasonable suspicion to justify the traffic stop. Second, he

argues that the Magistrate Judge erred in concluding that there was sufficient probable cause to warrant the search of the vehicle. [Doc. 77].

### A. Reasonable Suspicion for the Vehicle Stop

With regard to reasonable suspicion, Bernal argues that absent the false statements of the CI regarding Alfaro's intent to return with the methamphetamine, the totality of the circumstances do not provide reasonable, articulable suspicion that Alfaro possessed or was delivering methamphetamine at the time of the seizure. For the reasons discussed above, this argument is without merit. The officers were able to hear in real time the conversation between the CI and Alfaro, and this conversation gave the officers reasonable suspicion to believe that Alfaro was going to return to the CI's location in order to deliver methamphetamine.

The totality of the circumstances, which was carefully detailed by the Magistrate Judge in his Memorandum and Recommendation and shall not be recited here, provided reasonable and articulable suspicion that Alfaro was in the process of delivering methamphetamine to the CI at the time of the vehicle stop. For the foregoing reasons, Bernal's objection to the Magistrate Judge's conclusions in this regard is overruled.

B.  **The Vehicle Search**

While Bernal has standing as a passenger in the vehicle to challenge the vehicle stop, see Brendlin v. California, 551 U.S. 249, 251 (2007); United States v. Monroe, 396 F. App'x 33, 37 (4th Cir. 2010), he lacks any standing to challenge the search of the vehicle itself, see Rakas v. Illinois, 439 U.S. 128, 148-49, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).  "To challenge the search of a vehicle, a passenger must have a reasonable expectation of privacy in the vehicle and its contents.  When, as here, [the passenger] does not own the vehicle and does not claim ownership of its contents, he typically does not have such an expectation."  United States v. Allison, 398 F. App'x 862, 863 (4th Cir. 2010) (citing Rakas, 439 U.S. 128 at 148-49).

In the present case, the vehicle in question belonged to Alfaro, and Bernal did not claim ownership of either the vehicle or its contents. Because Bernal lacked a legitimate expectation of privacy with respect to the vehicle, his Fourth Amendment rights were not implicated by the vehicle search.  See Monroe, 396 F. App'x at 37.[1]  Bernal's objections to

---

[1] Bernal argues that Brendlin and Rakas are "logically irreconcilable" and thus, this Court should apply the more recent Brendlin rationale in recognizing that he has a constitutional right to challenge the search of someone else's vehicle in which he is a passenger.  [Doc. 77 at 5].  Brendlin, however, did not overrule Rakas, nor did it alter the fundamental Fourth Amendment analysis utilized therein.  See United States v. Moody, 564 F.3d 754, 762 (5th Cir. 2009) ("Brendlin does not explicitly overrule Rakas, and there is no change in the basic Fourth Amendment analysis that led to Rakas"); see

the Magistrate Judge's conclusions regarding the search of the vehicle are therefore overruled.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Defendant Bernal's Objections [Doc 77] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 72] is **ACCEPTED**; and the Motion to Suppress, as adopted by Defendant Bernal [Doc. 27] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 2, 2014

Martin Reidinger
United States District Judge

---

also United States v. Symonevich, 680 F.3d 12, 19 (1st Cir. 2012) (rejecting defendant's argument that Rakas was implicitly overruled).